Jason B. Lattimore
**The Law Office Of**
**JASON B. LATTIMORE, ESQ. LLC**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: (973) 998-7477
Facsimile:  (973) 264-1159

*Attorneys for Plaintiff,*
*Interlink Products International, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERLINK PRODUCTS INTERNATIONAL, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>F&W TRADING LLC and GIDEON PRODUCTS, LLC,<br><br>Defendants. | Case No:<br>CIVIL ACTION<br><br><br><br>**COMPLAINT &**<br>**JURY TRIAL DEMAND** |

Plaintiff, Interlink Products International, Inc. (hereinafter "Interlink" or "Plaintiff"), by and through its undersigned attorney, hereby complains of Defendants, F&W Trading LLC ("F&W") and Gideon Products, LLC ("Gideon") (together, the "Defendants"), as follows:

**THE PARTIES**

1. Interlink is a New Jersey corporation with its principal place of business at 1315 East Elizabeth Avenue, Linden, New Jersey 07036.

2. On information and belief, F&W is a New Jersey Limited Liability Company with its principal place of business at 681 River Avenue, Suite 2C, Lakewood, New Jersey 08701.

3. On information and belief, Gideon is a New Jersey Limited Liability Company with its principal place of business at 681 River Avenue, Suite 2C, Lakewood, New Jersey 08701.

4. Defendants hold Gideon out to the public as a limited liability company. To the extent Gideon is a legal entity, it is the alter ego or the mere continuation of F&W. Defendants treat Gideon and F&W as one and the same in all regards. At a minimum, F&W and Gideon act and have acted in concert with respect to the conduct on which Interlink's claims herein are based.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims alleged pursuant to 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Defendants in that they do business regularly in this district.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c).

## CLAIM FOR INFRINGMENT OF
## U.S. PATENT NO. 7,299,510

8. Plaintiff, Interlink, is a New Jersey based research & development company specializing in the development, manufacturing and marketing of innovative consumer and professional healthcare products in the shower and bath, personal care and cleaning categories. The company was founded in 1996 and built on conceptual and technological innovation, high product quality and excellence in customer service.

9. Interlink's products include several lines of showerheads that can be purchased from various retailers both in stores and online.

10. Defendants compete directly with Interlink in the wholesale and retail showerhead markets, including the market for dual showerhead products and shower diverters for use in dual showerhead configurations. Defendants import the dual showerheads and diverters they sell.

11. The dual showerhead products sold by Defendants consist of two separate showerheads (one a fixed showerhead and the other a handheld sprayer showerhead) packaged with a plumbing device called a diverter. The diverter has, among other features, an inlet for water to flow into the diverter, two outlets for water to flow out, a valve for controlling water flow to the diverter outlets, and a holder for the handheld sprayer. The fixed showerhead attaches to one of the diverter outputs and a hose connects the handheld sprayer to the other. The user can direct the flow of water to either or both of the showerheads using a knob on the diverter. As sold to customers, Defendants' dual showerhead products are packaged such that the diverter must be connected to the fixed showerhead and handheld sprayer at the time of installation. Sample images of Defendants' dual showerhead products, obtained from their promotional materials, are attached as Exhibit A.

12. On November 27, 2007, United States Letters Patent No. 7,299,510 ("the '510 Patent") were issued to Pi Kuang Tsai ("Tsai"). In general terms, the '510 Patent describes an invention centering on a water diverter that also serves as a showerhead holder.

13. On November 17, 2015, Interlink acquired, by assignment from Tsai, all right, title and interest in and to the '510 Patent, including the right to sue for past infringement of the '510 Patent and collect damages associated with such infringement. The assignment has been recorded with the United States Patent & Trademark Office and Interlink remains the owner of

all right title and interest in and to the '510 Patent. A copy of the '510 Patent is attached as Exhibit B.

14. Defendants have directly and contributorily infringed claims of the '510 Patent by importing, selling and offering for sale products that embody the claims at issue and a material component of certain of such claims.

15. Defendants' AquaFlow and A-Flow brand dual showerhead models AFSH-DU1, AFSH-DU2, AFSH-DU3 and AFSH-DU4, which are imported and sold by Defendants, embody all of the elements of at least claims 1, 2, 3, 4, 9, 10 and 11 of the '510 Patent. The foregoing dual showerhead products are designed to be assembled before operation, are sold ready for assembly and serve no useful non-infringing purpose. On information and belief, the foregoing products are also imported by Defendants ready for assembly.

16. Defendants' "A-Flow Universal 3-Way Shower Diverter and Mount for Dual Showerheads" (hereinafter, "the A-Flow Diverter"), imported and sold by Defendants, and the diverter devices contained within Defendants' dual showerhead products embody all of the elements of at least claims 3, 10 and 11 of the '510 Patent.

17. The A-Flow Diverter, which is the same as the diverters included with Defendants' dual showerhead products, embodies a material component of at least claims 1, 2, 4 and 9 of the '510 Patent. The A-Flow Diverter embodies all elements of claims 1, 2, 4 and 9 except that the product does not include a sprayer nozzle attached to the second outlet (as referenced in claims 1, 2, 4 and 9) or a showerhead attached to the first outlet (as referenced in claim 4).

18. The A-Flow Diverter is not a staple article or commodity of commerce suitable for substantial non-infringing use. The A-Flow Diverter is especially made, and Defendants sell

the diverter, solely to serve as a component of devices that embody claims 1, 2, 4 and 9 of the '510 Patent.  *See* Exhibit C hereto.  There are no usual, non-far-fetched, non-illusory, practical, non-occasional, non-aberrant or non-experimental uses for the A-Flow Diverter that do not infringe claims 1, 2, 4 and 9 of the '510 Patent.  The A-Flow Diverter is tailored specifically to attach to a shower water supply spout, a fixed showerhead and a handheld sprayer, and to provide a device for holding the attached handheld sprayer.  It does not have ordinary non-infringing uses.

19.    Defendants have further infringed and infringe the claims of the '510 Patent by inducing others, including purchasers and those receiving free infringing products from Defendants, to assemble, install and use the infringing products.

20.    In February 2015, Interlink notified Defendants of the '510 Patent and of the infringing nature of their products.

21.    Notwithstanding Interlink's notice, Defendants continued to sell their infringing products in willful disregard of the '510 Patent, with full knowledge that their sale of the products infringed the '510 Patent and induced infringement of the '510 Patent by purchasers, and with the full intent that their customers would engage in such infringement by assembling, installing and using the products.

22.    By selling the infringing products, and through their advertising and promotional materials and the instructions included with the products, Defendants encouraged and continue to encourage purchasers to assemble, install and use on an ongoing basis their infringing shower products.  Defendants' product listings and promotional materials encourage assembly, installation and use of the infringing products by, among other things, depicting the products in use and promoting their functionality and the purported ease of their installation.  Defendants'

instructions included with the infringing products induce infringement by encouraging and instructing purchasers to assemble, install and use the products. By their nature, the infringing products do not have substantial non-infringing uses. The components thereof cannot be assembled or combined into any ordinary or practical device that does not infringe the '510 Patent. Defendants sell the products for the sole purpose of assembly, installation and use by purchasers and with the knowledge and intent that purchasers will thereby infringe the '510 Patent.

23. Defendants also have distributed a significant number of free samples of infringing products to professional product reviewers to induce the reviewers to assemble, install and use them. Defendants have done so with the specific intent that the reviewers would and will infringe the '510 Patent.

24. Defendants have engaged in the foregoing acts of infringement and inducement of infringement despite an objectively high likelihood that their actions constitute infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Defendants.

25. At all relevant times, Interlink sells and has sold products that compete directly with Defendants' infringing dual showerhead and diverter products. As a result of Defendants' infringement and inducement of infringement, Interlink has suffered direct competitive harm, loss of goodwill, and lost sales.

26. Defendants' infringement and inducement of infringement is ongoing and has injured and will continue to injure Interlink unless and until this Court enters an injunction prohibiting further direct, contributory and induced infringement, including, enjoining further sale of Defendants' infringing products.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages sufficient to compensate Interlink for Defendants' direct and indirect infringement of the '510 Patent, including Interlink's lost profits and/or reasonable royalties for the infringement, and any other relief provided for under 35 U.S.C. § 284, together with prejudgment interest from the date that Defendants' infringement of the '510 Patent began;

B. Increased damages as permitted under 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to Interlink of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A preliminary and permanent injunction prohibiting further infringement, inducement of infringement and contributory infringement of the '510 Patent; and

E. Such other and further relief as this Court or a jury may deem proper and just.

Dated: December 10, 2015

Respectfully submitted,

The Law Office Of
JASON B. LATTIMORE, ESQ. LLC

By  s/ Jason B. Lattimore
    Jason B. Lattimore
    55 Madison Avenue, Suite 400
    Morristown, NJ 07960
    Telephone: (973) 998-7477
    Facsimile:  (973) 264-1159

    *Attorneys for Plaintiff*
    *Interlink International Products, Inc.*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues triable by jury.

Dated: December 10, 2015                    Respectfully submitted,

                                            The Law Office Of
                                            JASON B. LATTIMORE, ESQ. LLC

                                            By  s/ Jason B. Lattimore
                                                Jason B. Lattimore
                                                55 Madison Avenue, Suite 400
                                                Morristown, NJ 07960
                                                Telephone: (973) 998-7477
                                                Facsimile:  (973) 264-1159

                                                *Attorneys for Plaintiff*
                                                *Interlink International Products, Inc.*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

The undersigned hereby certifies that, to the best of his knowledge, this matter is not the subject of any other action pending in any court, or any pending or contemplated arbitration or administrative proceeding.  The undersigned further certifies that, to the best of his knowledge, there are no additional parties who should be joined in this matter.

Dated: December 10, 2015                    Respectfully submitted,

                                            The Law Office Of
                                            JASON B. LATTIMORE, ESQ. LLC

                                            By  s/ Jason B. Lattimore
                                                Jason B. Lattimore
                                                55 Madison Avenue, Suite 400
                                                Morristown, NJ 07960
                                                Telephone: (973) 998-7477
                                                Facsimile:  (973) 264-1159

                                                *Attorneys for Plaintiff*
                                                *Interlink International Products, Inc.*